UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X   Case No.: 16-cv-7115

CHRISTIAN ESPINAL,

        Plaintiff,

                                 **COMPLAINT**

  -against-

MZ MOVERS, INC., and MICHAEL ZREIK,      PLAINTIFF DEMANDS

individually,                                   A TRIAL BY JURY

        Defendants.

----------------------------------------------------------X

Plaintiff, by his attorneys, the Derek Smith Law Group, PLLC, upon information and belief, complains of Defendants as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of the New York State Executive Law and the Laws of the County of Westchester, based upon supplemental jurisdiction of this Court pursuant to *United Mine workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his

national origin, together with creating a hostile work environment, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et. Seq.*; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the Southern District of New York, and the discriminatory actions occurred within the Southern District of New York. 28 U.S.C. §1391(b).

5. Around March 28, 2016, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC").

6. Around July 15, 2016, Plaintiff received a Notice of Right to Sue letter.

7. Plaintiff's claims are being brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a Dominican male who resides in the State of New York, County of New York.

9. Defendant MZ MOVERS, INC. (herein also referred to as "MZ MOVERS") was and is a domestic business corporation and existing under the laws of the State of New York.

10. Defendant MICHAEL ZREIK (herein also referred to as "ZREIK") is the owner of Defendant MZ MOVERS.

11. Defendants MZ MOVERS and ZREIK are herein collectively known as Defendants.

12. At all times material, Plaintiff was employed by Defendants.

## MATERIAL FACTS

13. Around September 2014, Plaintiff began working for Defendants as a "Driver."

14. From the beginning of his employment with Defendants, Plaintiff was the recipient of several discriminatory comments against his national origin.

15. From Around September 2014 until Plaintiff's termination, Defendants' Title Dispatcher and Plaintiff's supervisor "George" a.k.a. "Picasso" (last name unknown) consistently made harassing and discriminatory comments and created a hostile work environment based on Plaintiff's national origin at least once a week in Defendants' warehouse.

16. For example, George would say to Plaintiff, "I hate Dominicans!" "We don't want you Dominicans here!" "You don't work like us (Mexicans)," and "Fucking Dominicans [are useless]."

17. In the beginning of 2015, Plaintiff complained to Defendant ZREIK about the hostile work environment and discriminatory comments.  Defendant ZREIK dismissively told Plaintiff, "I don't have time for that right now. Come talk to me another time."  Despite Plaintiff's complaint, the harassment continued.

18. In retaliation for Plaintiff's initial complaint, George cut Plaintiff's schedule from five days per week to three days per week.  Instead of scheduling Plaintiff for his regular, full-time

hours, George would give the hours to his nephew and brother-in-law whom were not employees of the company at the time.   George's intent was to push Plaintiff out of the company and replace him with more employees of Mexican descent.

19. Around December 2015, George called Plaintiff a "fucking Dominican prior to a company meeting.  Plaintiff told George, "You can't keep talking to me like that."

20. During the meeting, Plaintiff again complained to Defendant ZREIK that George continued to call him a "fucking Dominican" and stated on multiple occasions that he "hated Dominicans" and did not want Dominicans working at Defendants' place of employment. Defendant ZREIK replied, "I don't want to hear about this from you two guys anymore." Despite Plaintiff's second complaint, the discriminatory comments continued.

21. Around February 2, 2016, Plaintiff confronted Defendant ZREIK and complained for the third time that George continued to call him a "fucking Dominican" and had reduced his hours because of his national origin.  Defendant ZREIK was again dismissive of Plaintiff complaints and replied, "I don't really have time for this."  Plaintiff told Defendant ZREIK that he consistently dismissed his complaints and does not protect his employees.

22. In retaliation for Plaintiff's complaints, Defendant ZREIK suspended Plaintiff until February 5, 2016.

23. That the same day, Plaintiff sent a text message to Defendant ZREIK regarding George reducing his work hours.   The text message read, "Michael why is [George] giving me multiple days off and everybody else is getting 5 days? Paco is newe[r] than i am in the company and he is getting five days. [George] said it was your decision my question is why?" Defendant ZREIK did not respond.

24. Around February 5, 2016, Defendant ZREIK called Plaintiff and told him, "Don't come in. I'm going to terminate you. I don't want to hear anymore."

25. Around February 5, 2016, Defendants terminated Plaintiff.

26. Defendants would not have harassed Plaintiff but for his national origin.

27. Defendants would not have retaliated against Plaintiff but for his complaints of discrimination.

28. Defendants terminated Plaintiff for being Dominican and in retaliation for complaining about the harassment and discrimination.

29. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

30. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

31. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32. As both Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## <u>DISCRIMINATION</u>

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin, religion and/or perceived religion.

35. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by terminating and otherwise discriminating against Plaintiff because of his national origin.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## <u>RETALIATION</u>

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

37. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because
> [s]he has opposed any practice made an unlawful employment practice by

this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

38. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.-

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## <u>DISCRIMINATION</u>

39. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. Executive Law 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's...national origin...to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

41. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his national origin and creating a hostile work environment.

42. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

43. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

45. Defendants engaged in an unlawful and retaliatory practice by retaliating, and otherwise discriminating against Plaintiff because of his opposition to Defendants' unlawful actions.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

48. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE LAWS OF THE COUNTY OF WESTCHESTER
## DISCRIMINATION

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Westchester County Human Rights Law §700.03(a)(1) provides that it shall be an unlawful discriminatory practice:

> "For any employer . . . to discriminate against any person in compensation or in terms, conditions or privileges of employment because of such person's actual or perceived group identity. . ."

51. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of his national origin.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE LAWS OF THE COUNTY OF WESTCHESTER
## RETALIATION

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

9

53. Westchester County Law Chapter 700.07(b) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this chapter applies to retaliate or discriminate against any person because he or she: (1) has opposed any practices forbidden under this chapter..."

54. Defendants violated the section cited herein as set forth.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited Title VII, the New York State Executive Law and the Laws of the County of Westchester, and that the Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff on the basis of his national origin.

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

10

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and
    proper to remedy the Defendants' unlawful employment practices.


Dated: New York, New York
       September 12, 2016                          **Derek Smith Law Group, PLLC**

                                                   *Attorneys for Plaintiff*


                                                   Abraham Z. Melamed, Esq.
                                                   30 Broad Street, 35th Floor
                                                   New York, NY 10004
                                                   (212) 587-0760

11